**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GEORGE MOORE, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

LIVEFREE EMERGENCY RESPONSE,
INC. d/b/a MEDICAL ALERT SYSTEMS
and DOES 1-10,

     Defendant.

Case No.

**CLASS ACTION COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, GEORGE MOORE ("Plaintiff"), individually and on behalf of all others similarly situated, and by and through his attorneys, and for his class action Complaint against the Defendant, LIVEFREE EMERGENCY RESPONSE, INC. d/b/a MEDICAL ALERT SYSTEMS ("Defendant") and DOES 1-10, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENTS

1.    This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"), 815 ILCS 505/1, *et seq.*, resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully placing through its agent(s), sales, solicitation, and/or other telemarketing calls to Plaintiff's telephone number, in violation of the TCPA and related regulations, specifically the National Do-Not-Call Registry and internal do-not-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows

upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.     According to the Federal Communications Commission's website, accessed on February 9, 2021 at https://www.fcc.gov/consumers/guides/stop-unwanted-robocalls-and-texts:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

3.     The TCPA was designed to prevent telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 744 (2012).

4.     In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

5.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

6.     Persons, like Plaintiff herein, have no control to stop unsolicited telemarketing calls placed to them, whether automated or otherwise.

7.     Plaintiff and the members of the proposed classes defined below received telemarketing calls placed to their telephones, placed by or on behalf of Defendant, which were made without the prior express consent of the recipients of said calls.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA. This Court also has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1337.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

10.     Plaintiff is an individual who was at all relevant times residing in the City of Carol Stream, County of DuPage, and State of Illinois.

11.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

12.     Plaintiff is a "subscriber" as defined by 815 ILCS 305/5(e)(1), as he is a person who has subscribed to telephone service from a telephone company.

13.     On information and belief, Defendant is a corporation of the State of Delaware, which is not registered with the Secretary of State to do business in Illinois, and whose principal place of business is located in Idaho Falls, Idaho.

14. On information and belief, at all times relevant hereto, Defendant was engaged in the marketing and sale of various medical products and services.

15. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

16. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend his complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

17. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

18. On or about July 6, 2003, Plaintiff successfully registered his residential telephone number ending in -1188 with the National Do-Not-Call Registry.

19. During or about July of 2020, Defendant began placing unsolicited prerecorded telemarketing telephone calls to Plaintiff.

20. Plaintiff had not previously sought out Defendant's services, nor had Plaintiff attempted to retrieve information from Defendant about its services. Therefore, Plaintiff did not have an established business relationship with Defendant, as defined under either 16 C.F.R. § 310.4(b)(1)(iii)(B) or 815 ILCS 305/20(a).

4

21. From on or about July 1, 2020 through on or about October 30, 2020, Plaintiff received approximately 26 unsolicited prerecorded telemarketing telephone calls from Defendant on his residential number.

22. For example, on September 8, 2020, Plaintiff received calls from numbers which displayed on his caller ID as (630) 516-9500 and (630) 516-6770.

23. When Plaintiff answered Defendant's calls, he heard a prerecorded message from "Amy with Medical Services," offering a medical alert system and asking him to press one to speak with a representative.

24. Said message constitutes a "recorded message," as defined in 815 ILCS 305/5(c).

25. Plaintiff was not interested in the goods and services being offered. However, Defendant's calls continued.

26. On information and belief, Defendant spoofed its telephone numbers when it placed its calls to Plaintiff, so that each time Plaintiff received a call, his caller ID would display a different telephone number with an area code matching his own.

27. On October 6, 2020, Plaintiff received another call from the Defendant with the identical prerecorded message.

28. The number displayed on Plaintiff's caller ID was (630) 015-2670.

29. Due to Defendant spoofing its telephone numbers, and in order to confirm the identity of the company placing these telemarketing calls to him, Plaintiff pressed the number "1" on his telephone and listened to the entire telemarketing pitch.

30. Plaintiff was eventually connected with a live representative.

31. Said live representative identified her company as "Medical Alert".

5

32. Medical Alert and Medical Alert Systems both are assumed names which Defendant has registered with the Idaho Secretary of State.

33. In order to confirm the company's identity, Plaintiff made a purchase from Defendant while still on the phone with Defendant. Plaintiff subsequently identified Defendant as the source of the calls via the charge posted on his credit card statement, which reflects Defendant's assumed name and mailing address. Plaintiff's credit card charge is attached hereto as Exhibit A.

34. On or about October 23, 2020, Plaintiff called Defendant to request a copy of Defendant's written do-not-call policy and indicated to Defendant's representative that he wished to no longer be contacted.

35. Defendant's representative told Plaintiff that Defendant has no written do-not-call policy.

36. Furthermore, Plaintiff received approximately six additional prerecorded telemarketing calls from Defendant after October 23, 2020, when he indicated to Defendant's representative that he wished to no longer be contacted.

37. On information and belief, based upon Plaintiff's experiences in receiving Defendant's telephone calls as set forth above, Defendant's calls to Plaintiff were placed through the use of an "autodialer" or "autodialer system," as defined in 815 ILCS 305/5(a).

38. Plaintiff never gave Defendant his prior express request, invitation, or permission for Defendant to place its telemarketing calls to him, nor did Plaintiff have an established business relationship with Defendant.

39. Defendant's unsolicited telemarketing calls were a nuisance to Plaintiff.

40.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

      a.     Invasion of privacy;

      b.     Intrusion upon and occupation of the capacity of Plaintiff's telephone line;

      c.     Wasting Plaintiff's time; and

      d.     Aggravation, inconvenience, frustration, emotional distress, and similar categories of damages.

## <u>CLASS ALLEGATIONS</u>

41.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed Classes (collectively, "the Classes").

42.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "Prerecorded Message Class") defined as follows:

All residential telephone subscribers within the United States:

      a)     who received any telephone calls from Defendant to said persons telephone,

      b)     using an artificial or prerecorded voice to deliver a message,

      c)     without the prior express consent of the called party and not for emergency purposes,

      d)     within four years prior to the filing of this Complaint through the date of class certification.

43.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "National Do-Not-Call Class") defined as follows:

All residential telephone subscribers within the United States:

a) whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days,

b) who had not granted Defendant prior express consent nor had a prior established business relationship with Defendant, or who had revoked such consent or prior established business relationship,

c) who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services,

d) within any 12-month period, and

e) within four years prior to the filing of this Complaint through the date of class certification.

44. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "Internal Do-Not-Call Class") defined as follows:

All residential telephone subscribers within the United States:

a) who had not granted Defendant prior express consent nor had a prior established business relationship with Defendant, or who had revoked such consent or prior established business relationship,

b) who requested that Defendant not place calls to them for telemarketing purposes,

c) who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services more than 30 days after the date such request was made,

d) within any 12-month period,

e) within four years prior to the filing of this Complaint through the date of class certification.

45. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "Illinois Class") defined as follows:

All telephone subscribers within Illinois:

a) who received any telephone calls from Defendant to said person's telephone,

b) made through the use of an autodialer or autodialer system,

c) and such person had not previously consented to receiving such calls nor had a prior established business relationship with Defendant, or who had revoked such consent or prior established business relationship,

d) within the three years prior to the filing of this Complaint through the date of class certification.

46.     Defendant, its employees and agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes' members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

47.     The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Classes' members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes include hundreds, if not thousands of members. Plaintiff alleges that the Classes' members may be ascertained by the records maintained by Defendant.

48.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Classes' members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

49.     There are questions of law and fact common to the Prerecorded Message Class affecting the parties to be represented. The questions of law and fact common to the Prerecorded Message Class predominate over questions which may affect individual members of the Prerecorded Message Class and include, but are not necessarily limited to, the following:

    a.     Whether the Prerecorded Message Class members' residential telephone numbers were called by Defendant using an artificial or prerecorded voice to deliver messages;

      b.     Whether Defendant obtained the prior express consent of the Prerecorded Message Class members to call their residential telephone numbers using an artificial or prerecorded voice;

      c.     Whether Defendant's calls to the Prerecorded Message Class members were placed for emergency purposes; and

      d.     Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq*.

50.     There are questions of law and fact common to the National Do-Not-Call and Internal Do-Not-Call Classes affecting the parties to be represented. The questions of law and fact common to the National Do-Not-Call and Internal Do-Not-Call Classes predominate over questions which may affect individual members of the National Do-Not-Call and Internal Do-Not-Call Classes and include, but are not necessarily limited to, the following:

      a.     Whether the National Do-Not-Call and Internal Do-Not-Call Classes' members' residential telephone numbers were called by Defendant without Defendant having obtained prior express consent or an established business relationship which would allow them to place such calls;

      b.     Whether the National Do-Not-Call Class members' telephone numbers were called by Defendant more than 30 days after they registered such numbers on the National Do-Not-Call Class registry;

      c.     Whether the Internal Do-Not-Call Class members' telephone numbers were called by Defendant more than 30 days after the date the members requested their numbers be added to Defendant's internal do-not-call list;

      d.     Whether Defendant had a written policy, available upon demand, for maintaining an internal do-not-call list;

e.    Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the National Do-Not-Call Class members without proper consent or an established business relationship; and

f.    Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the Internal Do-Not-Call Class members without proper consent or an established business relationship.

51.    There are questions of law and fact common to the Illinois Class affecting the parties to be represented. The questions of law and fact common to the Illinois Class predominate over questions which may affect individual members of the Illinois Class and include, but are not necessarily limited to, the following:

a.    Whether, within the three years prior to the filing of this Complaint through the date of class certification, Defendant made any call (other than a call made with the prior express consent of the called party) to an Illinois Class member made through the use of an autodialer or autodialer system;

b.    Whether Plaintiff and the Illinois Class members were damaged thereby, and the extent of damages for such violation; and

c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

52.    As a residential telephone subscriber who received telephone calls using an artificial or prerecorded voice, made by or on behalf of Defendant, without his prior express consent and not for emergency purposes, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Prerecorded Message Class.

53.     As a residential telephone subscriber who received telephone calls, made by or on behalf of Defendant, without his prior express consent, after his telephone number was registered on the National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the National Do-Not-Call Class.

54.     As a residential telephone subscriber who received telephone calls, made by or on behalf of Defendant, without his prior express consent, at least 30 days after he requested his telephone number be added to Defendant's internal do-not-call registry, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Internal Do-Not-Call Class.

55.     As a telephone subscriber who received multiple telephone calls, made by or on behalf of Defendant, made through the use of an autodialer or autodialer system, without his prior express consent or established business relationship, within the three years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Illinois Class.

56.     Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Classes.

57.     Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

58.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all

parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

59.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

60.     Defendant has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of Classes as a whole.

61.     Defendant failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b)(1)(B), and the implementing regulations contained in 47 C.F.R. § 64.1200(c) and (d), as to the Classes' members with respect to the above-alleged transactions.

62.     47 U.S.C. § 227(b)(1)(B) provides that:

> It shall be unlawful for any person within the United States, or any person outside of the United States if the recipient is within the United States, to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule of order by the [Federal Communications] Commission under paragraph (2)(B).

63.     47 C.F.R. § 64.1200(c)(2) provides that:

[n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

64. 47 C.F.R. § 64.1200(d) provides that:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
…
(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

65. 815 ILCS 305/15 provides that:

(a) No person shall operate an autodialer in this State to place a telephone call during the hours between 9 p.m. and 9 a.m.
(b) All autodialers operated within the State of Illinois shall disconnect within 30 seconds after termination of the call by the subscriber or the autodialer. Where disconnection in 30 seconds is technically not feasible, the autodialer shall utilize a live operator who shall:
(1) state his name, the name, address and telephone number of the business or organization being represented and the purpose of the call; and
(2) inquire at the beginning of the call whether the person called consents to hear the prerecorded message.

> (c) An autodialer shall not be used to dial numbers determined by successively increasing or decreasing integers.
> (d) An autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number.

66.    815 ILCS 305/30(a) provides, "It is a violation of this Act to make or cause to be made telephone calls utilizing an autodialer in a manner that does not comply with [815 ILCS 305/15]."

67.    815 ILCS 305/30(b) provides, "It is a violation of this Act to play a prerecorded message placed by an autodialer without the consent of the called party."

68.    815 ILCS 305/30(d) provides, "Violation of any of the provisions of this Act is an unlawful practice under Section 2Z of the Consumer Fraud and Deceptive Business Practices Act." Said section of the CFDBPA is codified as 815 ILCS 505/2Z.

69.    In multiple instances, Defendant called the Prerecorded Message Class members using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(B).

70.    In multiple instances, Defendant called the National Do-Not-Call Class members without their prior express consent or an established business relationship, and after the Class members registered with the federal government's Do-Not-Call registry, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

71.    In multiple instances, Defendant called Internal Do-Not-Call Class members who requested that Defendant not place calls to them for telemarketing purposes, more than 30 days after the date such requests were made, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

72. In addition, on information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

73. In multiple instances, Defendant called the Illinois Class members in a manner that did not comply with 815 ILCS 305/15, in violation of the ATDA, 815 ILCS 305/30(a), and the CFDBPA, 815 ILCS 505/2Z.

74. In multiple instances, Defendant placed calls with an autodialer to the Illinois Class members and played a prerecorded message, without their consent, in violation of the ATDA, 815 ILCS 305/30(a), and the CFDBPA, 815 ILCS 505/2Z.

75. The size and definition of the Classes can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(b)
**(On Behalf of the Prerecorded Message Class)**

76. Plaintiff incorporates the allegations and statements made above in paragraphs 1-75 as if fully reiterated herein.

77. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227(b).

78. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the Prerecorded Message Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

79. Plaintiff and the Prerecorded Message Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(b)
### (On Behalf of the National Prerecorded Message Class)

80.     Plaintiff incorporates the allegations and statements made above in paragraphs 1-75 as if fully reiterated herein.

81.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227(b).

82.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Prerecorded Message Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

83.     Plaintiff and the National Prerecorded Message Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(c)
### (On Behalf of the National Do-Not-Call Class)

84.     Plaintiff incorporates the allegations and statements made above in paragraphs 1-75 as if fully reiterated herein.

85.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, 47 U.S.C. § 227(c), and the implementing regulations of 47 C.F.R. 64.1200(c).

86.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the National Do-Not-Call Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

87.     Plaintiff and the National Do-Not-Call Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV
## KNOWING AND/OR WILLFUL VIOLATIONS OF TCPA
## 47 U.S.C. § 227(c)
### (On Behalf of the National Do-Not-Call Class)

88.     Plaintiff incorporates the allegations and statements made above in paragraphs 1-75 as if fully reiterated herein.

89.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, 47 U.S.C. § 227(c), and the implementing regulations of 47 C.F.R. 64.1200(c).

90.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the National Do-Not-Call Class members are entitled to an award of $1,500.00 in treble statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

91.     Plaintiff and the National Do-Not-Call Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT V
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(c)
**(On Behalf of the Internal Do-Not-Call Class)**

92.    Plaintiff incorporates the allegations and statements made above in paragraphs 1-75 as if fully reiterated herein.

93.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, 47 U.S.C. § 227(c), and the implementing regulations of 47 C.F.R. 64.1200(d).

94.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the Internal Do-Not-Call Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

95.    Plaintiff and the Internal Do-Not-Call Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT VI
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(c)
**(On Behalf of the Internal Do-Not-Call Class)**

96.    Plaintiff incorporates the allegations and statements made above in paragraphs 1-75 as if fully reiterated herein.

97.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, 47 U.S.C. § 227(c), and the implementing regulations of 47 C.F.R. 64.1200(d).

98. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the Internal Do-Not-Call Class members are entitled to an award of $1,500.00 in treble statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

99. Plaintiff and the Internal Do-Not-Call Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT VII
## VIOLATIONS OF THE ATDA
## 815 ILCS 305/1, *et seq.*
**(On Behalf of the Illinois Class)**

100. Plaintiff incorporates the allegations and statements made above in paragraphs 1-75 as if fully reiterated herein.

101. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the ATDA, including, but not limited to, each and every one of the above-cited provisions of 815 ILCS 305/1, *et seq*.

102. As a result of Defendant's violations of the ATDA, Plaintiff and the Illinois Class members are entitled to three times their actual damages, statutory damages in the amount of $500.00 per violation, costs, and reasonable attorneys' fees, pursuant to 815 ILCS 305/30(c) and (c-5).

## COUNT VIII
## VIOLATIONS OF THE CFDBPA
## 815 ILCS 505/1, *et seq.*
**(On Behalf of the Illinois Class)**

103. Plaintiff incorporates the allegations and statements made above in paragraphs 1-75 as if fully reiterated herein.

104.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the CFDBPA, including, but not limited to, 815 ILCS 505/2Z.

105.    815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

106.    Defendant failed to comply with the requirements of the CFDBPA, including, but not limited to, 815 ILCS 505/2Z as to the Illinois Class members with respect to the above-alleged acts and omissions.

107.    By reason thereof, Plaintiff and the Illinois Class members are entitled to a judgment against Defendant, declaring that Defendant's conduct violated the CFDBPA, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.    An order certifying the Prerecorded Message Class, National Do-Not-Call Class, Internal Do-Not-Call Class, and Illinois Class, and appointing Plaintiff as Representative of the Classes;

b.    An order certifying the undersigned counsel as Counsel for the Prerecorded Message Class, National Do-Not-Call Class, Internal Do-Not-Call Class, and Illinois Class;

c.      An order requiring Defendant, at its own cost, to notify all of the Classes' members of the unlawful conduct herein;

d.      Judgment against Defendant in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendant;

e.      Judgment against Defendant in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendant;

f.      Judgment against Defendant in the amount of treble actual damages for Defendant's violations of the ATDA;

g.      Judgment against Defendant for statutory damages in the amount of $500.00 per violation of the ATDA by Defendant;

h.      Judgment against Defendant for actual and punitive damages for Defendant's violations of the CFDBPA;

i.      An order for injunctive relief prohibiting such conduct by Defendant in the future;

j.      Judgment against Defendant for Plaintiff's court costs and other litigation costs, and reasonable attorneys' fees; and

k.      Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action which are so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

GEORGE MOORE

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        111 W. Jackson Blvd., Suite 1700
        Chicago, Illinois 60604
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com

**EXHIBIT A**



| ACCOUNT ENDING - | CARD MEMBER |
|---|---|
| Blue Cash Everyday® | GEORGE MOORE |

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| Oct 6<br>Pending | **MEDICAL ALERT SYSTEMS** | $39.99 |

**MEDICAL ALERT SYSTEMS**
3411 HAWTHORNE

POCATELLO
ID
83201
(877) 277-7887
www.lifebeacon.com

**MEDICAL ALERT SYSTEMS**

Will appear on your Oct 6, 2020 statement as MEDICAL ALERT SYSTEMS

| METHOD | CARD |
|---|---|
| Card entered manually | GEORGE MOORE |

REWARDS

You'll be able to see Rewards information for an eligible charge within 5 days of the charge posting to your account. Please check back later.